# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:02CR193-MU

UNITED STATES OF AMERICA,     )
    )
                Plaintiff,     )
             v.     )           **ORDER**
    )
DAMOND NELSON,     )
    )
               Defendant.     )

**THIS MATTER** comes before the Court upon Damond Nelson's Motion for Clarification of Judgment and Commitment (Document No.185) filed August 7, 2007. For the reasons stated herein, Defendant's motion is denied.

By his motion, Defendant seeks to have this Court issue a new Judgment and Commitment Order stating that his sentence imposed on August 19, 2003 shall run wholly concurrent to his prior federal sentence imposed in the Western District of Texas in 1995. Defendant was originally incarcerated in July 1995 for charges in the Western District of Texas and received 87 months.[1] This Court sentenced Defendant to 188 months on August 19, 2003 to run concurrent to Defendant's prior federal sentence. (Document No. 56.) However, on June 24, 2006 this Court granted the Government's motion to reduce Defendant's sentence and reduced his sentence to 84 months (Document No. 159.)

The 188 month sentence imposed by this Court in August 2003 was to run concurrent to

---

[1] Defendant was also sentenced in December 2001 to twelve months and one day for an escape charge. This sentence was in addition to the sentence received in July 1995.

Defendant's previously imposed sentence from 1995. The Court's intention was that Defendant's sentence imposed by this Court would run concurrently to the previous sentence beginning on the date Defendant began serving the sentence imposed by this Court. In other words, Defendant cannot get credit for the instant sentence until he actually began serving the time. Defendant's 188 month sentence was reduced in June 2006 to 84 months imprisonment on the Government's motion. Therefore, his 84 month sentence began to run on the date he starting serving his time in August 2003 and for the 84 months following August 19, 2003 he is essentially serving two sentences at the same time; the sentence imposed by this Court and the sentence imposed by the court in the Western District of Texas.

The Court declines to modify Defendants sentence to run wholly concurrently to his previous sentence because the effect would be that Defendant would get credit for the sentence this Court imposed before he began serving the time for that sentence and that was not this Court's intention.

**SO ORDERED**.

Signed: August 28, 2007

Graham C. Mullen
United States District Judge